THE STATE, EX REL. AVON CONVALESCENT CENTER, INC.,
ET AL., APPELLANTS, *v.* BATES, DIR. DEPT. OF PUBLIC
WELFARE, APPELLEE.

[Cite as State, ex rel. Avon Convalescent Center,
v. Bates (1976), 45 Ohio St. 2d 53.]

(No. 75-618—Decided January 21, 1976.)

54

*Messrs. Kohnen & Kohnen* and *Mr. Ralph B. Kohnen, Jr.*, for appellants.

*Mr. William J. Brown*, attorney general, and *Mr. Geoffrey E. Webster*, for appellee.

*Per Curiam.* The sole issue presented in this case involves the construction of Am. Sub. H. B. 1086, which was effective during the first six months of the calendar year 1973 (the last six months of the state's fiscal year).[1]

---

[1] Section 3 of Am. Sub. H. B. 1086 provided, in pertinent part:

"* * * payments to nursing homes, including qualified public facilities, from subsidies 401-501 through 401-525, inclusive, for vendor nursing home care in the last half of fiscal year 1973 shall be made for all eligible recipients at reasonable costs up to: fifteen dollars and fifty cents a day for patients requiring care in homes meeting federal requirements for skilled nursing care; twelve dollars and fifty cents a day for patients requiring nursing care in homes, or a distinct part of such home. meeting state or federal requirements for intermediate nurs-

The following words of Section 3, Am. Sub. H. B. 1086, are at issue:

" * * * payments to nursing homes * * * shall be made for all eligible recipients at reasonable costs up to: fifteen dollars and fifty cents a day for patients requiring care in homes meeting federal requirements for skilled nursing care * * *."

Appellants contend that those words mean: payments of up to $15.50 a day are to be made for patients in skilled nursing homes, if they require care. The D. P. W. argues, to the contrary, that those words mean: payments of up to $15.50 a day are to be made for patients in skilled nursing facilities, if they require the level of care given in such facilities.

The parties have cited various maxims of statutory application and construction and have delved into the history of Am. Sub. H. B. 1086. The General Assembly might plausibly have effected the statutory purpose in either way, and indeed the parties agree that an earlier version of this statute plainly adopted one view, and a later version just as plainly adopted the other. The General Assembly has used similar grammatical construction on other occasions (see R. C. 3720.01 and 5123.31), but those occasions are of no great assistance herein.[2]

We hold that the ordinary sense of the words "patients requiring care in homes for skilled nursing care" refers to the actual level of care needed by the patient, as the D. P. W. contends. That reading is reasonable and

ing care; eight dollars a day for patients requiring rest home care. The Department of Public Welfare shall pay reasonable costs: for patients requiring skilled nursing care up to sixteen dollars a day per patient during fiscal year 1974 and up to seventeen dollars a day per patient during fiscal year 1975; for patients requiring intermediate nursing care up to thirteen dollars and fifty cents a day per patient during fiscal year 1974 and up to fifteen dollars a day per patient during fiscal year 1975; for patients requiring rest home care up to eight dollars a day per patient during fiscal years 1974 and 1975."

[2]The Court of Appeals examined these issues in a careful opinion, the reasoning of which need not be repeated at length.

grammatical. It presumes a normal sentence order in which the phrase "in homes * * * for skilled nursing care" refers to the immediately preceding word "care," rather than to the prior word "patients." If the statute had stated "patients, requiring care, in homes * * * for skilled nursing care" or "patients requiring care, in homes * * * for skilled nursing care," we would be inclined to agree with the appellants, but it did not.

The words and phrases of a statute are to be read according to the rules of grammar (R. C. 1.42), and, in so reading this statute, we agree with the Court of Appeals that appellants' argument must fail.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., RUTHERFORD, STERN, W. BROWN and P. BROWN, JJ., concur.

HERBERT and CELEBREZZE, JJ., concur in the judgment.

RUTHERFORD, J., of the Fifth Appellate District, sitting for CORRIGAN, J.

HERBERT, J., concurring in judgment. A writ of mandamus should not issue where the respondent does not have a clear legal duty to perform the act demanded. The duty in the instant case is, obviously, anything but clear.

Courts of Appeals, and this court, should not countenance the substitution of constitutional mandamus for declaratory judgment. The former is still an extraordinary remedy, the traditional uniqueness of which should not be eroded in the name of expediency.

The judgment of the Court of Appeals should be affirmed, but upon the basis that mandamus is not an available remedy under the instant circumstances.

CELEBREZZE, J., concurs in the foregoing concurring opinion.